**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

SIERRA CLUB                                                                                                    PLAINTIFF

v.                                              NO. 4:14CV00643 JLH

REGINA MCCARTHY                                                                                       DEFENDANT

**OPINION AND ORDER**

Congress has declared as a national goal the prevention of any future, and the remedying of any existing, impairment of visibility, or regional haze, in certain national parks and wilderness areas, which are known as "Class I areas." 42 U.S.C. § 7491 and § 7492. Like other environmental programs established by Congress, the adoption of plans to accomplish these regional haze goals is a venture in "cooperative federalism" whereby "the EPA directs states to submit state implementation plans 'to assure reasonable progress toward' the [Clean Air Act's] national visibility goals." *Nat'l Parks Conservation Ass'n v. United States Environmental Protection Agency*, 759 F.3d 969, 971 (8th Cir. 2014) (citing *Visibility Protection for Federal Class I Areas*, 45 Fed. Reg. 80,084, 80,086 (Dec. 2, 1980)). If a state fails to make a required submission, or if the EPA disapproves a state implementation plan in whole or in part, the EPA "shall promulgate a Federal implementation plan at any time within 2 years" unless the state corrects the deficiency and the EPA approves the revised state implementation plan before promulgating a federal implementation plan. 42 U.S.C. § 7410(c)(1).

On March 12, 2012, the EPA disapproved in part a revision to the Arkansas state implementation plan regarding the regional haze requirements of 42 U.S.C. § 7491(b)(2)(B) and its regulations, 40 C.F.R. § 51.308(d)(1)(i)(A). *Final Rule*, 77 Fed. Reg. 14,604 (Mar. 12, 2012). The EPA stated in that final rule that within twenty-four months it would either approve a state

implementation plan or implement a federal implementation plan. *Id*. at 14,606. To date, the EPA has not received a revised state implementation plan from Arkansas, nor has it promulgated a federal implementation plan.

On August 6, 2014, Sierra Club commenced this action in the Northern District of California seeking (1) a declaration that the EPA's failure to promulgate a regional haze federal implementation plan for Arkansas constituted a failure to perform a nondiscretionary duty and (2) an injunction requiring the EPA to issue such a plan for Arkansas by a date certain. Document #1. On October 30, 2014, the Northern District of California ordered that this action be transferred to this district. On February 11, 2015, the EPA filed a notice of lodging of a proposed consent decree. Document #30. The proposed consent decree provided that the EPA would either approve a revised state implementation plan from Arkansas or promulgate a federal implementation plan no later than December 15, 2015. Document #30-1 at 4. The EPA published in the Federal Register a notice of the proposed consent decree and requested comments. After the State of Arkansas requested, and the EPA granted, an extension of time to submit comments, the EPA gave notice to the Court that it would be unable to meet the December 15 deadline and would therefore not be moving for an entry of the proposed consent decree in its present form. Document #57 at 2. Instead, the EPA stated that it would enter into negotiations with Sierra Club and the State of Arkansas regarding a new deadline for final action. *Id*.

The State of Arkansas not only submitted comments on the proposed consent decree as a part of the regulatory process, but it also filed a motion to intervene in this action. In addition, two motions to intervene have been filed by private parties. The first motion to intervene was filed by Nucor Steel-Arkansas, a division of Nucor Corporation, and Nucor-Yamato Steel Company. The

other motion to intervene was filed by Balanced Energy Arkansas, which "is an unincorporated association of member companies and organizations with operations and/or [sic] vital economic interests in Arkansas that are dedicated to keeping energy in Arkansas economical, stable, and reliable."  Document #39 at 1.  Balanced Energy Arkansas says that it includes members with ownership interests in the three steam electric generating units that have been identified by EPA as contributing to regional haze and would be subject to additional emission controls under the federal implementation plan; members who are ratepayers who would be subject to increased rates as a result of an additional emission controls or premature retirement of the affected generating units; coal suppliers for the electric generating units; and railroads that deliver coal to the electric generating units.  *Id*. at 1-2.  All three motions for leave to intervene seek intervention as a matter of right under Federal Rule of Civil Procedure 24(a) or permissive intervention under Federal Rule of Civil Procedure 24(b).  Sierra Club and the EPA oppose all three motions to intervene.

Without reaching the issue of whether the State of Arkansas is entitled to intervene as a matter of right under Rule 24(a), the Court will permit the State to intervene pursuant to Rule 24(b)(2).  The issue that ultimately will be decided in this litigation is the deadline by which the EPA must promulgate a federal implementation plan or approve a state implementation plan as required by 42 U.S.C. § 7410(c)(1).  The State of Arkansas's defense is thus based upon the fact that the statute is jointly administered by the State and the EPA as part of the "cooperative federalism" mandated by the Clean Air Act.  Neither Sierra Club nor the EPA argues to the contrary.

Instead, Sierra Club (though not the EPA) argues that the State of Arkansas's motion to intervene is untimely and will unduly delay the litigation so the Court should deny permissive intervention under Rule 24(b)(3).  "The principal consideration in ruling on a Rule 24(b) motion is

whether the proposed intervention would unduly delay or prejudice the adjudication of the parties' rights." *South Dakota ex rel Barnett v. United States Dep't of Interior*, 317 F.3d 783, 787 (8th Cir. 2003). "The timeliness of a motion to intervene is determined from a totality of the circumstances." *Winbush v. State of Iowa by Glenwood State Hosp.*, 66 F.3d 1471, 1479 (8th Cir. 1995). "In particular, courts consider the status of the proceedings at the time of the motion, prejudice others may suffer as a result of the delay, and the reason for the delay." *Id*. Although the State's was filed ten months after this action was commenced in the Northern District of California, the motion was filed only four months after the EPA gave notice of the proposed consent decree. So far as the docket reflects, nothing of substance happened between the time that the complaint was filed and the time that the notice of the proposed consent decree was filed, other than the transfer of this action from the Northern District of California to this district. *Cf. Mille Lacs Band of Chippewa Indians v. State of Minnesota*, 989 F.2d 994, 998-99 (8th Cir. 1993) (a motion to intervene filed eighteen months after the filing of the complaint was not untimely where the litigation had scarcely progressed beyond filing the initial pleadings).

Sierra Club notes that the State argues in its motion for leave to intervene that it will be prejudiced if it is not permitted to intervene because the proposed deadline for the EPA to approve either a federal implementation plan or a revised state implementation plan comes too soon, from which Sierra Club draws the conclusion that permitting the State of Arkansas to intervene will unduly delay this litigation. True, the State argues that the deadline in the proposed consent decree would not give sufficient time for the steps required by the administrative process to be completed, which would prevent due consideration of the federal implementation plan or a state implementation plan, whichever the EPA adopts. But that argument goes to the merits of this litigation – the

4

deadline for the EPA to submit a final rule approving of a federal implementation plan or a state implementation plan – not the time within which this litigation would be concluded.  The EPA has already stated that it will not move for adoption of the proposed consent decree notice of which was filed in February and will, instead, propose a new deadline with a new proposed consent decree after negotiations that include the State of Arkansas.  Thus, permitting intervention by the State of Arkansas will not delay submitting a proposed consent decree because the EPA intends to include the State in negotiations for a deadline to be included in the proposed consent decree in any event.  And, if the parties cannot reach an agreement, Sierra Club may force the issue by presenting appropriate motions under the Federal Rules of Civil Procedure.

The State's motion to intervene is not untimely and will be granted.

Obviously, the proposed private party intervenors cannot and do not seek intervention under Rule 24(b)(2), which applies only to governmental officers and agencies.  Consequently, their motions must be considered pursuant to the other sections of Rule 24.

"To intervene as of right, an applicant must (1) have a recognized interest in the subject matter of the litigation that (2) might be impaired by the disposition of the case and that (3) will not be adequately protected by the existing parties."  *Mausolf v. Babbitt*, 85 F.3d 1295, 1299 (8th Cir. 1996).  The interests that the proposed private party intervenors seek to protect are two-fold: (1) they seek to protect Arkansans' interest in low-cost, reliable energy and (2) they seek to ensure adequate time to complete the rule-making process.  Document #33 at 11; Document #40 at 11 and 16.

The Eighth Circuit has said, "General economic interests are not protectable and cannot serve as a basis for intervention."  *United States v. Metro. St. Louis Sewer Dist.*, 569 F.3d 829, 839 (8th Cir. 2009).  Thus, "[a] ratepayer's interest in reasonable fees is not legally protectable." *Id*.  As the

Northern District of California explained in a similar case:

> Proposed Intervenors have no "significant protectable interest" at stake in this action. Plaintiffs' claims are to enforce the Clean Air Act's non-discretionary rule making deadlines. The content of EPA's standards is not at issue in this litigation, only its timely compliance with the review deadlines established by the Act. The remedy in this lawsuit is limited to an order setting a deadline. Resolution of this litigation will not itself compel the adoption of any specific ozone air quality standards or additional regulatory requirements. It will simply compel compliance with the review process imposed by statute.

*Sierra Club v. United States Environmental Protection Agency*, Case No. 13-CV-2809-YGR, 2013 WL 5568253, at *3 (N.D. Cal. October 9, 2013). This same opinion addresses the putative intervenors' concern that their rights to participate meaningfully in the rule-making process could be impaired if a premature deadline is adopted. "As a practical matter, an order granting relief to Plaintiffs and committing EPA to a firm rule-making timetable would not interfere with the normal procedures for notice-and-comment rule-making, since the relief sought here would not change opportunities for notice and comment mandated by the Act and its regulations." *Id.* at *4; *see also Medical Advocates For Healthy Air v. Johnson*, No. C06-0093 SBA, 2006 WL 1530094, at *4 (N.D. Cal. June 2, 2006) ("this litigation is not related to the *content* of the . . . measures to be imposed by the EPA. Rather, the scope of this litigation is limited to the determination of an appropriate deadline by which EPA must promulgate an FIP").

Furthermore, the interests advanced by the putative intervenors will be adequately protected by the State of Arkansas. As noted above, the State of Arkansas has an interest in assuring that the rule-making process is adequate. Document #45 at 4. The State also has an interest in protecting its ratepayers from unnecessary rate increases that may occur as a result of the proposed federal implementation plan. *Id.* at 4-5. Thus, the interests of the proposed private intervenors will be adequately protected by the State of Arkansas. *Cf. South Dakota*, 317 F.3d at 785-86 (when one of

the parties is a government and the case concerns a matter of sovereign interest, the government is presumed to represent the interests of all of the citizens); *Mausolf*, 85 F.3d at 1302-03 (same). The proposed private intervenors have not shown that their interest in the subject matter of this litigation will not be adequately protected by the State of Arkansas. Accordingly, the proposed private intervenors are not entitled to intervene as a matter of right under Rule 24(a).

For the same reasons, the Court denies the proposed private intervenors' motions for permissive intervention under Rule 24(b). The only issue in this case is the deadline by which the EPA must fulfill its nondiscretionary duty to adopt a federal implementation plan or approve a state implementation plan for regional haze in Arkansas. Contrary to the arguments by the proposed private intervenors, the substance of a federal implementation plan is not before the Court, nor will any order issued by this Court impair any of the rights of the proposed private intervenors to comment on any action taken by the EPA.

## CONCLUSION

For the reasons stated, the motions to intervene filed by the Nucor entities and by Balanced Energy Arkansas are DENIED. Documents #32 and #39. The State of Arkansas's motion to intervene is GRANTED. Document #44. The State must file its answer to the complaint within seven days from the entry of this Opinion and Order.

IT IS SO ORDERED this 24th day of August, 2015.

J. LEON HOLMES
UNITED STATES DISTRICT JUDGE