IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

SIERRA CLUB                                                                                               PLAINTIFF

v.                                           NO. 4:14CV00643 JLH

REGINA MCCARTHY, in her official
capacity as Administrator of the
United States Environmental Protection Agency                            DEFENDANT

STATE OF ARKANSAS                                                                         INTERVENOR

## OPINION AND ORDER

As a part of the Clean Air Act, Congress has declared as a national goal the prevention of any future, and the remedying of any existing, impairment of visibility, or regional haze, in certain national parks and wilderness areas, which are known as "Class I areas." 42 U.S.C. § 7491 and § 7492. In addition, the "interstate transport" provision of the Act requires that state plans contain provisions adequate to prohibit in-state emissions from impairing visibility in Class I areas in other states. 42 U.S.C. § 7410(a)(2)(D)(i)(II). Like other environmental programs established by Congress, the adoption of plans to accomplish these regional haze goals is a venture in "cooperative federalism" whereby "the EPA directs states to submit state implementation plans 'to assure reasonable progress toward' the [Clean Air Act's] national visibility goals." *Nat'l Parks Conservation Ass'n v. United States Environmental Protection Agency*, 759 F.3d 969, 971 (8th Cir. 2014) (citing *Visibility Protection for Federal Class I Areas*, 45 Fed. Reg. 80,084, 80,086 (Dec. 2, 1980)). If a state fails to make a required submission, or if the EPA disapproves a state implementation plan in whole or in part, the EPA "shall promulgate a Federal implementation plan at any time within 2 years" unless the state corrects the deficiency and the EPA approves the revised

state implementation plan before promulgating a federal implementation plan. 42 U.S.C. § 7410(c)(1).

On March 12, 2012, the EPA disapproved in part a revision to the Arkansas state implementation plan regarding the regional haze requirements of 42 U.S.C. § 7491(b)(2)(B) and its regulations, 40 C.F.R. § 51.308(d)(1)(i)(A). *Final Rule*, 77 Fed. Reg. 14,604 (Mar. 12, 2012). The EPA stated in that final rule that within twenty-four months it would either approve a state implementation plan or implement a federal implementation plan. *Id*. at 14,606. To date, the EPA has not received a revised state implementation plan from Arkansas, nor has it promulgated a federal implementation plan.

On August 6, 2014, Sierra Club commenced this action in the Northern District of California seeking (1) a declaration that the EPA's failure to promulgate a regional haze federal implementation plan for Arkansas constituted a failure to perform a nondiscretionary duty and (2) an injunction requiring the EPA to issue such a plan for Arkansas by a date certain. Document #1. On October 30, 2014, the Northern District of California ordered that this action be transferred to this district. On February 11, 2015, the EPA filed a notice of lodging of a proposed consent decree. Document #30. The proposed consent decree provided that the EPA would either approve a revised state implementation plan from Arkansas or promulgate a federal implementation plan no later than December 15, 2015. Document #30-1 at 4. The EPA published in the Federal Register a notice of the proposed consent decree and requested comments. After the State of Arkansas requested, and the EPA granted, an extension of time to submit comments, the EPA gave notice to the Court that it would be unable to meet the December 15 deadline and would therefore not be moving for an entry of the proposed consent decree in its present form. Document #57 at 2. Instead, the EPA

stated that it would enter into negotiations with Sierra Club and the State of Arkansas regarding a new deadline for final action. *Id.*

The State of Arkansas not only submitted comments on the proposed consent decree as a part of the regulatory process, but it also filed a motion to intervene in this action. In addition, two motions to intervene were filed by private parties. The first motion to intervene was filed by Nucor Steel-Arkansas, a division of Nucor Corporation, and Nucor-Yamato Steel Company. The other motion to intervene was filed by Balanced Energy Arkansas, which "is an unincorporated association of member companies and organizations with operations and/or [sic] vital economic interests in Arkansas that are dedicated to keeping energy in Arkansas economical, stable, and reliable." Document #39 at 1. The Court granted the State's motion to intervene and denied the motions to intervene filed by Nucor and Balanced Energy Arkansas.

Nucor has filed a notice of appeal and a motion to stay this action pending appeal. Sierra Club and the EPA have filed cross motions for summary judgment. Sierra Club asks the Court to establish April 15, 2016, as the deadline by which the EPA must approve a state implementation plan or adopt a federal implementation plan. The EPA concedes liability but argues that the deadline should be August 31, 2016. The State has moved to dismiss Sierra Club's complaint for lack of standing.

**I.     NUCOR'S MOTION TO STAY**

In deciding whether to issue a stay pending appeal, the Court considers whether the party moving for a stay has made a strong showing that it is likely to succeed on the merits; whether the moving party will be irreparably injured absent a stay; whether issuance of the stay will substantially injure the other parties interested in the proceedings; and the public interest. *Brady v. Nat'l Football*

*League*, 640 F.3d 785, 789 (8th Cir. 2011). Here, Nucor has failed to make a strong showing that it is likely to succeed on the merits. Nucor's arguments relate to the substance of a potential federal implementation plan, not the deadline by which the EPA must issue such a plan, which is the only issue before the Court. Nucor has the right to make public comments and, if necessary, seek individual review of the EPA's administrative action. *See* 42 U.S.C. § 7607(b). Nothing in this action threatens Nucor's potential objections to any final action that the EPA might take. Nucor will not be irreparably injured absent a stay. And, the public interest favors requiring the EPA to perform its nondiscretionary duty to approve a state implementation plan or adopt a federal implementation plan, and staying this action pending an appeal would be contrary to that public interest.

## II. THE STATE'S MOTION TO DISMISS SIERRA CLUB'S COMPLAINT FOR LACK OF STANDING

For an association to have standing to bring suit on behalf of its members, its members must have standing to sue individually, the association must be seeking to protect interests that are germane to its purpose, and neither the claim asserted nor the relief requested requires its members to participate directly in the lawsuit. *Hunt v. Washington State Apple Advertising Comm'n*, 432 U.S. 333, 343, 97 S. Ct. 2434, 2441, 53 L. Ed. 2d 383 (1977). The State of Arkansas denies that Sierra Club's members have standing to sue individually.

Three elements are required to meet the constitutional minimum for standing: (1) an injury in fact; (2) causation between the injury and conduct complained of; and (3) a likelihood, not merely speculative, that the injury will be redressed by a favorable decision. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61, 112 S. Ct. 2130, 2137, 119 L. Ed. 2d 351 (1992). An injury in fact must be concrete and particularized as well as actual or imminent. *Id.* at 560, 112 S. Ct. at 2136. Standing can be based on recreational or aesthetic interests. *Sierra Club v. Kimbell*, 623 F.3d 549, 557 (8th

Cir. 2010). The State of Arkansas argues that no injury exists based upon its own assessment that visibility in Class I federal areas is improving. Document #71 at 7-8. However, the injury in this case occurred when the EPA failed to comply with the Clean Air Act's requirement that it promulgate a federal implementation plan for Arkansas under 42 U.S.C. § 7410. *See Sierra Club v. U.S. Army Corps of Engineers*, 446 F.3d 808, 816 (8th Cir. 2006) (holding that Sierra Club met the injury-in-fact requirement when the EPA failed to issue a required environmental impact statement). Here, the injury-in-fact is the increased risk of harm to aesthetic enjoyment of the parks by the failure to adopt a plan to prevent haze. *Id.* This injury is traceable to EPA action, or lack of action, and is redressable by the establishment of a deadline for when the EPA must promulgate a federal implementation plan. Even if, as the State argues, visibility is improving, that fact does not mean that no injury has occurred. As noted, the EPA disapproved portions of Arkansas's state implementation plan as failing to meet the requirements of the regional haze program. The deficiencies have not been remedied though three and one-half years have passed. The EPA's failure during that time to perform its nondiscretionary duty to approve a state implementation plan or adopt a federal implementation plan creates a risk that visibility is less than it would be if a plan had been adopted in Class I areas. Therefore, Sierra Club has standing.

## III.  SIERRA CLUB AND THE EPA'S CROSS MOTIONS FOR SUMMARY JUDGMENT

"Because [the EPA] does not contest the issue of liability, the entry of summary judgment is appropriate, and it remains only for the Court to fashion an appropriate equitable remedy." *Sierra Club v. Johnson*, 444 F. Supp. 2d 46, 52 (D.C.D.C. 2006) (citing *Natural Resources Defense Council, Inc. v. Train,* 510 F.2d 692, 705 (D.C. Cir. 1974)). When doing so, the Court should consider the EPA's budgetary and manpower constraints as well as time needed to understand the

intricacies of the plan. *Id.* at 712. Sierra Club requests that the EPA be ordered to perform its duty by April 15, 2016. Document #65 at 16. The EPA requests that the deadline be set for August 31, 2016 because of resource constraints and the complexity of the issues. Document #75 at 3.

The EPA has presented legitimate concerns regarding its ability to meet an April deadline in a declaration by Samuel J. Coleman, Deputy Regional Administrator of EPA Region 6. Document #75-1. Coleman has submitted a lengthy declaration, the facts of which are not contested. In that declaration, Coleman explains Region 6's staff and workload, the regional haze program requirements, the interstate visibility transport program requirements, the actions taken in Region 6 to date to approve or disapprove of state implementation plans or promulgate federal implementation plans for regional haze and interstate visibility transport, the history of Region 6's actions vis-a-vis Arkansas with respect to regional haze and interstate visibility transport, the substantial work that remains to be done to address all of the comments and to meet all of the requirements for taking final agency action, and the interim deadlines that must be met. In the end, Coleman concludes, "[t]aking final action by August 31, 2016, is the most expeditious schedule that EPA Region 6 can meet given current resource and budgetary constraints." *Id*. at 25 ¶41. The facts stated by Coleman in his declaration support that conclusion.

## CONCLUSION

Nucor's motion to stay this action pending appeal is DENIED. Document #84. The State of Arkansas's motion to dismiss for lack of standing is DENIED. Document #70. Sierra Club's motion for summary judgment is GRANTED IN PART and DENIED IN PART. Document #64. The EPA's cross-motion for summary judgment is GRANTED. Document #75. The EPA's motion to strike the State's response to Sierra Club's motion for summary judgment is DENIED. Document

#81. The deadline by which the EPA must approve a state implementation plan or promulgate a federal implementation plan is August 31, 2016. A final decree so ordering will be entered separately.

IT IS SO ORDERED this 3rd day of November, 2015.

                                                                        _____
                                                                        J. LEON HOLMES
                                                                        UNITED STATES DISTRICT JUDGE